James D. HOWES, KBA Member No. 33905, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2007–SC–000086–KB.

Supreme Court of Kentucky.

Feb. 22, 2007.

## OPINION AND ORDER

The Movant, James D. Howes, KBA Member No. 33905, 1501 Durrett Lane, Suite 200, Louisville, Kentucky 40213, moves this Court, pursuant to SCR 3.480(2), to declare himself guilty as charged by the inquiry Commission in KBA File 12408 to Counts I, II, IV, and V. He moves that Count III be dismissed. Movant also moves this Court to enter a Public Reprimand for his conduct and to order ten (10) hours of remedial ethics education. The Kentucky Bar Association (KBA) has no objection and requests that Count III in KBA File 12408 be dismissed. We find sufficient evidence to adjudicate Movant guilty of Counts I, II, and IV; but dismiss Counts III and V. We also enter an order imposing the negotiated sanction agreed to by the parties.

### I. KBA File 12408

Movant was properly served a complaint by the Inquiry Commission on December 1, 2005. After successfully securing the payment of medical expenses on behalf of several of his workers' compensation clients, Movant sent letters to the treating physician of these clients. The letters state, in pertinent part:

> By successfully litigating this claim we have secured your right to payment without any expense to you. Consequently, we are asserting our fee in an amount equal to 25% of the amount secured to you.... While we fully anticipate your cooperation in this regard we are prepared to commence litigation within 10 days to resolve this claim if necessary.

In another letter, Movant writes, "However, if you desire that we collect charges owed to you at the same time we collect our fee we will be agreeable to representing your interest *without any additional charge to you.*" (Emphasis in original).

In Count I, the complaint alleged that Movant violated SCR 3.130–1.5(a) (fees) by attempting to charge a 25% recovery fee to the treating physician, who was not his client, without approval of the administrative law judge presiding over the workers' compensation claims of his clients, without having performed any legal work on behalf of the physician, and without a written contingency fee agreement.

In Count II, the complaint alleged that Movant violated SCR 3.130–4.1 (making a false statement of material fact or law to a third person) by stating that he had somehow already earned or was entitled to a fee from the physician.

Count III alleged that the act of sending the above referenced letters violated SCR 3.130–8.3(c) (dishonesty, deceit, fraud, or misrepresentation).

In Count IV, Movant is alleged to have violated SCR 3.130–7.09 by not complying with the solicitation rules and by sending solicitation involving coercion, duress or harassment.

Count V alleged violation of SCR 3.130–7.05(2) (advertisements) when Movant failed to submit the letters he sent to the treating physician to the Attorneys' Advertising Commission.

In his motion, Movant admits the factual allegations set forth in Counts I, II, IV, and V. He explains that he incorrectly implied that he was entitled to a fee from the treating physician, when in fact he was simply asserting a claim that has yet to be

established by Kentucky law. He further explains that he did not intend to engage in improper solicitation or the advertisement of legal services, but realizes that the language of his letter improperly implied as such. However, he denies that he engaged or intended to engage in dishonest conduct in violation of SCR 3.130–8.3(c), and thus, requests this court to grant the KBA's request to dismiss the charge in Count III of the complaint.

## II. Conclusion

We find sufficient evidence to adjudicate Movant guilty of Counts I, II, and IV in KBA File 12408. There is insufficient evidence to support Count III, and thus, we grant the KBA's request to dismiss that charge. We also find insufficient evidence to support Count V, and thus, we dismiss that charge as well.

Between the years 1979 and 2003, Movant has been privately admonished four times for varying reasons. Movant has also been suspended once for non-payment of dues and non-compliance with CLE requirements. Pursuant to SCR 3.480(2), we believe good cause exists upon the foregoing facts and charges to grant the Movant's motion to approve the negotiated sanction in this case. Therefore, it is ORDERED that:

1. Count III and Count V in KBA File 12408 are dismissed.

2. James D. Howes, KBA Member No. 33905, is adjudicated guilty of Counts I, II, and IV in KBA File 12408.

3. James D. Howes, KBA Member No. 33905, is publicly reprimanded for his conduct.

4. James D. Howes, KBA Member No. 33905, shall complete, at his own expense, ten (10) hours of remedial ethics education, separate and apart from his fulfillment of any other continuing education requirement, within one year from the entry of this order. The remedial ethics education must be satisfied by the Movant's personal attendance at live continuing education or adult education programs approved by the KBA Office of Bar Counsel and must be appropriate for the remedial education of the Movant regarding his ethical obligations to third parties and the public. Movant shall furnish a release and waiver to the KBA Office of Bar Counsel for the purpose of reviewing CLE records for compliance with this order, and the release and waiver shall continue in effect until one year after he completes his remedial education.

5. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings in the amount of $75.20 for which execution may issue from this Court upon finality of this Order.

CUNNINGHAM, NOBLE, SCHRODER and SCOTT, JJ., concur.

MINTON, J., concurs in the sanction imposed by the Court but disagrees with the Court's sua sponte dismissal of Count V without briefing or argument. Howes admitted that he violated SCR 3.130–7.05(2) (advertisements) when he failed to submit the solicitation letters to the Attorneys' Advertising Commission.

McANULTY, J., also concurs with MINTON, J.

ENTERED: Feb. 22, 2007.

/s/ Joseph E. Lambert
   Chief Justice